## CONVERSE HUNTING *vs*. JOSEPH RUSSELL.

G. H. having died, leaving both real and personal estate, and one son, C. H., his sole heir, R. R. was duly appointed his administrator: C. H. executed and delivered to R. R. an instrument under seal, but not acknowledged or recorded, in the terms following:— "Know all men, &c., that I, C. H., of, &c., in consideration, &c., paid me by R. R., administrator on the estate of G. H., late of R., &c., do by these presents release and forever quitclaim unto the said R. all my right, claim or title whatever in and unto said estate, and that I will defend said R. against all persons claiming by or under me:"—It was held, that R. R. acquired no title thereby to any of the real estate of G. H.

The owner of real estate, who is in possession thereof, may maintain trespass against one, who is also in possession, claiming title as a tenant in common with such owner.

THE plaintiff brought an action of trespass for breaking and entering his close, described in the writ, and cutting and carrying away the timber and trees there standing and growing; and, on the trial, which was in the court of common pleas, before *Merrick*, J., introduced evidence to show an entry upon the close by the defendant, and the cutting and carrying away of the trees and timber, as alleged in the writ.

The title to the close, thus alleged to be broken, was in question in this action.

It was admitted by the parties, that previous to the year 1825, and at the time of the death of George Hunting, in that year, the land in controversy was owned by George Hunting and Shubael Russell, and that the former died seized of one undivided moiety of the premises, leaving the plaintiff his sole heir.

The plaintiff claimed the title of one moiety, as the heir at law of George Hunting, and of the other moiety, as the grantee of Shubael Russell, by a deed from Russell to him, dated the 19th of April, 1830; and it was admitted, that the plaintiff thus became the owner of the entire estate, and that he continued to be so to the time of the alleged trespass, unless the estate had been conveyed to and become the property of the defendant, as alleged by him in his defence.

On the part of the defendant, it appeared in evidence, that Ralph Rice was duly appointed administrator of George Hunting, by letters testamentary dated the 26th of February, 1826; that on the 12th of June, 1838, Converse Hunting, the plaintiff, made a deed or instrument, which was not acknowledged or recorded, but signed, sealed and delivered by him, as a deed, to Ralph Rice, as administrator, which instrument was alleged by the defendant to be a conveyance of the estate in question to Rice; and that on the 8th of February, 1847, Rice made a deed of the same premises to the defendant, which deed was duly executed and recorded, and sufficient in terms to convey the estate, provided Rice had any title in virtue of the deed from the plaintiff to him.

The following is a copy of the deed or instrument from the plaintiff to Rice : —

" Know all men by these presents, that I, Convers Hunting, of Hubbardston, in the county of Worcester, and commonwealth of Massachusetts, in consideration of seventy-nine dollars and fifty-four cents, paid me by Ralph Rice, administrator, on the estate of George Hunting, late of Roxbury, in the county of Norfolk, deceased, do by these presents release and forever quitclaim unto the said Rice all my right, claim or title whatever in and unto said estate, and that I will defend said Rice against all persons claiming by or under me.

" In witness whereof, I have hereunto set my hand and seal, this 12th day of June, Anno Domini 1838.

" CONVERS HUNTING. [seal.]

" Signed, sealed and delivered in presence of Susan H. Rice."

The presiding judge ruled, that Rice acquired no title to any part of the real estate in question by this instrument.

The defendant then introduced evidence tending to show, that after the execution of the paper from Hunting to Rice, the latter was in possession of the land, claiming the same as his own, and exercising acts of ownership thereon, as a tenant in common with the plaintiff; and that the defendant, after the conveyance to him by Rice, and at the time of the commission of the alleged trespasses, was also in possession of the premises, as a tenant in common with the plaintiff, exercising acts of ownership, and claiming title to the land ; and the defendant contended, that if he was so in possession of the close, claiming title, the plaintiff could not maintain this action of trespass, although the plaintiff, by virtue of his inheritance from George Hunting, and the conveyance from Shubael Russell, had the sole and exclusive legal title to the estate.

But the presiding judge ruled, that if the legal title to the estate was in the plaintiff, and he was in possession thereof, he could maintain this action of trespass against the defendant, although the defendant was also in possession thereof, claiming title thereto, as a tenant in common with the plaintiff.

The jury returned a verdict for the plaintiff, and the defendant thereupon alleged exceptions to the rulings above mentioned

*W. A. Bryant,* for the defendant, argued, that the deed from the plaintiff to Rice, under whom the defendant claims, though not acknowledged or recorded, and though, in terms, a mere release or quitclaim, was yet sufficient to convey all the interest, in both real and personal estate, which the plaintiff had in the estate of his father; but that, at all events, if not valid as a conveyance, it operated as a license from the plaintiff to Rice and his assigns, under which the defendant was lawfully in possession of the premises.

*F. H. Dewey,* for the plaintiff, as to the first ground of exception, contended, that by the Rev. Sts. *c.* 59, § 1, real estate could only be conveyed by deed ; and that the paper in question had none of the requisites of a deed (see 4 Kent (4th ed.), 460 and following pages) except the words of conveyance, " release " and " quitclaim," which were not used in connection with any other technical words, and which might be applied to the plaintiff's interest in the personal estate of George Hunting. *Ingell* v. *Nooney,* 2 Pick. 362. As to the second ground of exception, he referred to *Brimmer* v. *Long Wharf,* 5 Pick. 131; *Dorrell* v. *Johnson,* 17 Pick. 263 ; *Brown* v. *Pinkham,* 18 Pick. 172 ; *Barnstable* v. *Thacher,* 3 Met. 239 ; *Butcher* v. *Butcher,* 7 B. & C. 399.

WILDE, J. At the trial of this case, two exceptions were taken to the rulings of the court, neither of which, in our opinion, can be sustained.

The first exception is to the construction given by the court to a deed from the plaintiff to one Ralph Rice, under whom the defendant claims title to an undivided moiety of the *locus in quo.* By that deed, the plaintiff released to Ralph Rice, who was the administrator on the estate of George Rice, the plaintiff's father, all his right or title whatever in and unto " said estate." The court ruled, that by this deed Rice acquired no title to the real estate of George Hunting ; and we think that this ruling is conformable to the true construction of that deed.

It is true, the word " estate " may include real as well as personal ; but the question is, whether such was the intention

of the parties, and we think there is nothing in the language of the release, from which any such intention can be inferred The plaintiff released his right and claim to the estate on which Rice had been appointed administrator, and that was the personal estate only. It was intended, we think, to discharge the administrator from his liability to the plaintiff for his share of the personal estate of the deceased, and it was intended to be a full discharge; and if it had been intended to convey the plaintiff's share in the real estate, an estate in fee, and not a life estate only, would have been conveyed. Such is the reasonable presumption, and there is nothing in the language of the deed to rebut it.

As to the second exception, the defendant contended, that as he was, at the time of the alleged trespass, in possession of the close described, claiming title as a tenant in common with the plaintiff, this action could not be maintained, although the plaintiff had the sole and exclusive legal title to the estate. But the court ruled, that if the legal title to the estate was in the plaintiff, and he was in possession thereof, he could maintain the action, although the defendant was also in possession thereof claiming title thereto, as a tenant in common with the plaintiff. This ruling was unquestionably correct. For if the title was in the plaintiff, and he had possession, the defendant's claim and possession were unlawful, and can be no justification of the alleged trespass.

*Exceptions overruled.*